# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY SERGENT | § | PLAINTIFF |
| | § | |
| VERSUS | § | CAUSE NO. 1:07CV1112-LG-RHW |
| | § | |
| THE ESTATE OF MICHAEL WESLEY | § | |
| BRACKIN | § | DEFENDANT |

## ORDER GRANTING MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY

BEFORE THE COURT is Plaintiff Gary Sergent's [44] Motion to Strike and/or Exclude the Report and Testimony of Defendant's Expert Mike Foto. Plaintiff brings this lawsuit for alleged personal injuries he sustained while a guest passenger aboard a vessel owned by Michael Wesley Brackin, d/b/a Break Away Fishing. Plaintiff argues that Defendant Estate of Brackin's expert should be excluded, because (1) his disclosure is inadequate, (2) he does not explain the reason for his conclusion, (3) his opinion is based upon insufficient facts or data, and (3) he is not qualified. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted.

## FACTS AND PROCEDURAL HISTORY[1]

Plaintiff was a passenger aboard Brackin's charter fishing boat. Plaintiff alleges that Brackin negligently steered the boat into a wake created by a pleasure craft. As a result, Plaintiff alleges that he suffered a fractured disc.

Defendant designated Mike Foto, as an expert in operating chartered crafts. Foto has

---

[1] "Because the [alleged] 'wrong' here involves the negligent operation of a vessel on navigable waters, . . . it has a sufficient nexus to traditional maritime activity to sustain admiralty jurisdiction." *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982).

concluded that Brackin did not operate his boat in a negligent fashion. Foto's entire statement is reproduced below.

> I am Mike Foto, commercial fisherman and captain, familiar with the Mississippi Gulf Coast. I have reviewed the complaint in this action and one page of a medical record concerning the plaintiff in which the plaintiff described "a boat trip of July 19, and the boat hit a 3 foot wave and he bounced up and then back downward onto the seat, and had back pain after that. He did not go to the emergency room. . . ." Based on this information and my knowledge and experience in this field, I find no negligence on the part of the captain, the deceased Mike Brackin.
> I have not testified in court as an expert before. I have no publications. I have not received monetary remuneration for agreeing to give my expert opinion in this matter.

(Expert Witness Statement Pursuant to rule 26(a)(2)(b), Document # 44-6). Plaintiff moves pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26 and *Daubert* to exclude Foto's testimony. Defendant does not offer any other affidavit from Foto to supplement his opinion.

## DISCUSSION

Whether to admit or exclude evidence, including expert testimony, is within the discretion of the trial court. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997).

> If . . . technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if, (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

The Court finds that Foto's proposed opinion testimony on the issue of negligent operation a vessel falls well short of the standard required under Rule 702. Foto offers nothing more than his "bottom line" conclusion based upon the invocation of "my expertise" rather than

2

an analysis based upon standards and methods used by specialists in the field.  Foto may be the greatest commercial boat operator to every navigate the Mississippi Sound, but without explaining how his conclusions meet Rule 702 requirements, he is not entitled to give expert testimony.  "[N]othing in either *Daubert* or the Federal Rules of evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *General Electric*, 522 U.S. at 146.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Plaintiff Gary Sergent's [44] Motion to Strike and/or Exclude the Report and Testimony of Defendant's Expert is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 24th day of June, 2009.

                                        s/ *Louis Guirola, Jr.*
                                        LOUIS GUIROLA, JR.
                                        UNITED STATES DISTRICT JUDGE